## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DEAN ALEXANDER BLACKWOOD,

                    Petitioner,

v.                                        CIVIL ACTION NO.   5:11-cv-00608

JOEL ZIEGLER,

                    Respondent.


### MEMORANDUM OPINION AND ORDER

The Court has reviewed Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Documents 1 and 5) and Application to Proceed Without Prepayment of Fees (Document 4).   By Standing Order (Document 2) entered on September 2, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 15, 2012, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R"), (Document 10) wherein he recommended that the Court deny Petitioner's Application to Proceed Without Prepayment of Fees, dismiss Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241, and remove this mater from the Court's docket.   On September 20, 2012, Plaintiff timely filed his objections to the PF&R (Document14), which the Court has reviewed together with Petitioner's Affidavit in Support of the Objections (Document 15).   After thorough review and consideration,

the Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

### *FACTUAL AND PROCEDURAL HISTORY*

Magistrate Judge VanDervort's PF&R sets forth in detail Petitioner's previous and current motions.   The Court now incorporates by reference those facts and procedural history.   To provide context for the ruling herein, the Court provides the following summary.

On July 27, 2009, Petitioner, Dean Alexander Blackwood, pled guilty in the United States District Court for the District of Maryland to one count of conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846. *United States v. Dean Blackwood*, Case No. 1:09-cr-00135 (D. Md. 2009) at Dkt. 40.   On October 15, 2009, the Honorable Richard D. Bennett, Judge of the District Court in Maryland, sentenced Petitioner to a term of imprisonment of fifty-eight months, to be followed by a five-year term of supervised release. (*Id.* at Dkt. 45).   Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution located in Beaver, West Virginia ("FCI-Beckley").

Petitioner, acting *pro se*, filed two Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the District Court of Maryland. (*Id.* at Dkts. 49 and 51). Petitioner's motions, filed on May 17, 2010 and on June 16, 2010, were consolidated by the District Court of Maryland on June 25, 2010. (*Id.* at Dkt. 52).   In his motions, Petitioner alleged that he was denied his right to appeal and that trial counsel was ineffective. (*Id.* at Dkt. 51). On October 22, 2010, the District Court, by order, withheld a ruling on Petitioner's Section 2255 Motion, scheduled an evidentiary hearing, and appointed counsel for Petitioner. (*Id.* at Dkts. 59

2

and 60).   On December 9, 2010, the District Court of Maryland denied Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (*Id.* at Dkt. 64).

On December 14, 2010, Petitioner filed a Petition for Coram Nobis pursuant to 18 U.S.C. § 3661 in the District Court of Maryland. (*Id.* at Dkt. 69).   Petitioner sought a downward departure or to have his sentence vacated based on his claims that procedural errors occurred in his criminal trial. (*Id*).   The District Court construed the petition as a Section 2255 Motion and dismissed it as successive, by Order entered on January 7, 2011. (*Id*).   Petitioner then filed a Notice of Appeal on October 3, 2011, which the Fourth Circuit Court of Appeals dismissed on March 5, 2012, finding that Petitioner failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period. *U.S. v. Blackwood*, 468 F. App'x 208 (4th Cir. 2012) (per curiam).   On May 21, 2012, the Fourth Circuit denied Petitioner's Petition for Rehearing and Rehearing En Banc. *Id., cert. denied, 2012 WL 3203052 (U.S. Oct 01, 2012).*

On September 9, 2011, Petitioner, acting *pro se,* filed his pending letter-form Petition requesting relief under 28 U.S.C. § 2241 (Document 1).   Petitioner requests that the Court "conduct a release hearing" and direct the Warden to "release my property (body) free from all obligations for the set judgment in rem against the Debtor, Dean Alexander Blackwood" reasoning that "[u]nder F.R.C.P. any person claiming an interest in the arrested property is entitled to a prompt post-arrest hearing." (*Id*. at 1).   Petitioner also cites to the Uniform Commercial Code, Rule 60(b), and admiralty law (*Id.* at 4-5).

On September 19, 2011, Petitioner filed an Application to Proceed without Prepayment of Fees and Costs (Document 4), Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Document 5), Memorandum in Support (Document 6), and Affidavit in Support

3

(Document 7).   On July 18, 2012, Petitioner filed Exhibits in support of Petition for Writ of Habeas Corpus (2241) (Document 9).   In support of his petition, Petitioner argues that (1) the District Court erred by opening an improperly sealed indictment after the statute of limitations had expired; (2) the District Court erred by failing to hold an evidentiary hearing; (3) the government erred by" infect[ing] the plea with unfairness as to make the resulting conviction a denial of due process;" (4) the probation officer erred by "pleading to a greater offense level" than was in the pre-sentence report which placed Petitioner in a "lower criminal history level and recommend[ed] for the "safety valve" reduction;" and (5) Petitioner's attorney provided "ineffective assistance."

On August 15, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation.   On August 21, 2012, Petitioner filed a letter-form Motion for Extension of Time to File Objections to Proposed Findings and Recommendation (Document 12), which this Court granted in part on August 22, 2012 (Document 13).   On September 20, 2012, Petitioner filed his Objections and Affidavit in Support (Documents 14 and 15).

## *STANDARD OF REVIEW*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

4

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## *DISCUSSION*

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code.   A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.   A Section 28 U.S.C. § 2241 habeas petition, which "can only be filed in the district in which a prisoner is confined," deals with Petitioner's "commitment or detention" and attacks the manner in which a sentence is executed. 28 U.S.C. § 2241; *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).   On the other hand, a 28 U.S.C. § 2255 habeas petition, which is filed with the original sentencing court, is used to collaterally attack the imposition or validity of a federal inmate's judgment and sentence. 28 U.S.C. § 2255(a); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Generally, a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition.   However, when Section 2255 "appears…inadequate or ineffective to test the legality of his detention," a federal prisoner may seek habeas relief under Section 2241.   *Poole,* 531 F.3d at 270 (quoting 28 U.S.C. § 2255(e)).   The Fourth Circuit Court of Appeals has noted that this so-called "savings clause" "applies in only very limited circumstances." *Poole,* 531 F.3d at 269 (quoting *Poole v. Dotson*, 469 F.Supp.2d 329, 333 (D.Md.

5

2007).   Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole,* 531 F.3d at 269 (quoting *Jones,* 226 F.3d at 333-34); *Darden v. Stephens*, No. 10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011).   The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).   If the petitioner cannot meet the "savings clause" standard, and he is challenging his sentence and conviction, the Court can construe the petition as a 2255 motion. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998).   However, under the statute, "a second or successive motion under § 2255 must be denied unless certified 'by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence…; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Poole,* 531 F.3d at 266 (quoting 28 U.S.C. § 2255(h).


### A.  Magistrate Judge's Findings

The Magistrate Judge found that Petitioner's claims challenge the validity of his 21 U.S.C. § 846 conviction and sentence, and therefore, invoke Section 2255, not Section 2241 (Document 10 at 5-6).   Petitioner is requesting that the Court "vacate the District Court's judgment or remand for a downward departure" (Document 6).   Petitioner argues that his conviction and sentence are

invalid because of an improper indictment, a double jeopardy violation, prosecutorial misconduct resulting in an unfair plea, error by a probation officer regarding his criminal history computation, and ineffective assistance of counsel (*Id.* at 5-6).   Therefore, Petitioner is challenging the validity of his conviction and sentence, not the execution of his sentence, and as the Magistrate Judge noted, "a Section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a Section 2255 motion" (*Id.* at 5) quoting *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Viewing Petitioner's application as a Section 2255 motion, the Magistrate Judge recommended that Petitioner's motion be dismissed because (1) the Court does not have jurisdiction to hear the motion, (2) Petitioner has not demonstrated that he can invoke any of the elements of Section 2255's "saving clause," and (3) Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to proceed with a successive Section 2255 motion (Document 10).   The Court does not have jurisdiction because a Section § 2255 motion is filed with the original sentencing court, which, in this case, is the District of Maryland, not the Southern District of West Virginia (*Id.* at 6).   Furthermore, the Magistrate Judge found that Petitioner has not invoked Section 2255's "saving clause" by demonstrating that there is any reason to consider a Section 2255 motion inadequate or ineffective.   (*Id.* at 8).   Lastly, Petitioner has previously filed a Section 2255 motion in the District of Maryland and has not obtained authorization of the Fourth Circuit Court of Appeals to proceed with a successive Section 2255 motion (*Id.* at 6).   In fact, the Fourth Circuit Court of Appeals dismissed Petitioner's Notice of Appeal on March 5, 2012, and denied Petitioner's Petition for Rehearing and Rehearing En Banc on May 21, 2012. *U.S. v.*

*Blackwood*, 468 F. App'x 208 (4th Cir. 2012) (per curiam) *cert. denied,* 2012 WL 3203052 (U.S. Oct 01, 2012).

### B.  Petitioner's Objections

The Court finds that Petitioner's objections are without merit.   Although Petitioner filed objections to the Magistrate Judge's Proposed Findings and Recommendations and an Affidavit in Support, the objections were general, conclusory, and did not challenge any of the Magistrate's findings or direct the Court to a specific error in the Magistrate's PF&R (Documents 14 and 15).

Petitioner has not set forth any argument that demonstrates that he is, indeed, entitled to relief pursuant to Section 2241, or that Section 2255's "saving clause" is applicable, or that the Fourth Circuit authorized a successive Section 2255 motion. (*Id*).   Instead, Petitioner apologizes for "appearing to be arguing the validity of the Debtor's federal sentence" and "mov[es] this court to confirm the settlement of judgment and release the property of the surety upon the confirmation herein." (*Id.* at 1).   Petitioner cites to the Uniform Commercial Code, the 13th, 14th, 15th and 19th Amendments, and the "Freedom of Contract Doctrine" in support of his motion. (*Id.* at 2-4). Petitioner does not address or challenge any of the Magistrate's findings but, rather, continues to argue for his release based upon theories of commercial law.   Therefore, Petitioner's objections are without merit and should be overruled.


### *CONCLUSION*

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 10), dismissing Petitioner's Section 2241 motion, be **ADOPTED** and that Petitioner's objections to the PF&R (Documents 14 and 15) be

**OVERRULED.**   Furthermore, the Court **ORDERS** that Petitioner's Application to Proceed without Prepayment of Fees (Document 4) be **DENIED,** that Petitioner's Application for Writ of *Habeas Corpus* by Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Documents 1 and 5) be **DISMISSED**, and that this matter be **STRICKEN** from the docket of this Court.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).   A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).   The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 437, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683-83 (4th Cir. 2001).   The Court concludes that the governing standard is not satisfied in this instance.   Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        October 25, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9